## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**TOM LAM, on behalf of himself
and all others similarly situated**,

    Plaintiff,

v.     Case No.: 1:21-cv-137

**UNIVERSITY OF FLORIDA and UNIVERSITY
OF FLORIDA BOARD OF TRUSTEES, AS
THE PUBLIC BODY CORPORATE OF
UNIVERSITY OF FLORIDA,**

    Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, **UNIVERSITY OF FLORIDA BOARD OF TRUSTEES** ("UF" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and N.D. Fla. Loc. R. 7.2, hereby files this Notice of Removal of an action pending in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida to the United States District Court, Northern District of Florida, Gainesville Division, and in support states the following grounds:

1.    UF desires to exercise its rights under the provisions of 28 U.S.C. § 1331, *et seq.*, to remove this action from the Circuit Court, where it is now pending under the name and style of: *Tom Lam, on behalf of himself and all others similarly*

*situated v. University of Florida and University of Florida Board of Trustees, as the public body corporate of University of Florida,* Case No. 2021-CA-1026 ("Circuit Court Action").

2.  The Circuit Court Action was initiated on April 13, 2021 and served on UF on or about May 4, 2021. The initial Complaint contained two (2) counts, arising solely under Florida law, as follows:

<u>**Count I**</u>:   **Breach of Contract**

<u>**Count II**</u>:  **Unjust Enrichment**

3.  On June 2, 2021, UF filed its Motion to Dismiss Class Action Complaint or, in the Alternative, Motion for Judgment on the Pleadings ("Motion to Dismiss") directed to the initial Complaint. A hearing on that motion was set for July 29, 2021.

4.  Prior to the hearing on the Motion to Dismiss, on July 23, 2021, Plaintiff filed the First Amended Class Action Complaint ("Amended Complaint") which contains four (4) counts, as follows:

<u>**Count I**</u>:    **Breach of Contract**

<u>**Count II**</u>:   **Unjust Enrichment**

<u>**Count III**</u>:  **Violation of the Takings Clause (U.S. Const. Amend. V and XIV)**

<u>**Count IV**</u>:  **Inverse Condemnation (Art. X, Sec. 6(a), Fla. Const.)**

2

5. The Amended Complaint is the first pleading filed by Plaintiff containing a claim arising under federal law.

6. UF desires to exercise its rights under the provisions of 28 U.S.C. §1331, 1441 and 1446, to remove this action to this Court.

7. This Court has federal question jurisdiction over Plaintiff's Takings Clause claim brought under the Fifth and Fourteenth Amendments to the United States Constitution. 28 U.S.C. § 1331.

8. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint as well as all other process, pleadings, and orders on file in the Circuit Court Action to date are attached to this Notice of Removal as **"Exhibit 1."** To the undersigned's knowledge, no other papers or pleadings have been filed in the Circuit Court Action other than those attached hereto.

9. As of the date of this Notice, Plaintiff has not moved for class certification; as such, no class has been certified.

10. The Amended Complaint was filed and served by electronic notice from the Florida Courts E-Filing Portal on July 23, 2021. In accordance with the requirements of 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is filed within 30 days after UF's receipt of the Amended Complaint.[1]

---

[1] The Complaint names both the University of Florida Board of Trustees and the University of Florida as Defendants. It is improper to sue the "University of Florida" since the Florida Legislature has made it clear that university boards of trustees are

11.     Venue in this District and Division is proper for purposes of removal under 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action was filed and is pending – Alachua County, Florida.

12.     Pursuant to 28 U.S.C. § 1446(d), written and electronic notice of filing this Notice of Removal has been served upon Plaintiff's counsel. A true copy of this Notice of Removal will also be filed with the Clerk of the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, as required by law. *Id*.

## Removal Based on Federal Question Jurisdiction

13.     Unless specifically prohibited by an act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court possesses original jurisdiction over this civil action because it involves a federal question under 28 U.S.C. § 1331.

---

the proper entities with the power to sue and be sued and to sue both is redundant and a nullity. *See*, § 1001.72(1), Fla. Stat. (2020); *Hui Li v. Univ. of Florida Bd. of Trustees*, No. 1:14-cv-236-RS-GRJ, 2015 WL 1781578, at *2 (N.D. Fla. Apr. 20, 2015) ("The program is governed by Defendant University of Florida Board of Trustees, which is the only University of Florida entity with the capacity to be sued." (citing § 1001.72(1), Fla. Stat.); *U.S. E.E.O.C. v. Fla. Gulf Coast Univ.*, No. 2:06-cv-326-FtM-29SPC, 2007 WL 2077577, at *2 (M.D. Fla. July 6, 2007) ("The Court concludes that The Gulf Coast University Board of Trustees is the proper party, and that The Gulf Coast University should be dismissed.").

More specifically, Plaintiff's Complaint alleges violations the Takings Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

## Removal of Pendent State Law Claims

14. The pendent state law claims are properly removable because they arise from a common nucleus of operative facts. *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966). Further, this Court has supplemental jurisdiction over the state law claims because they are so related to the federal law claim over which federal question jurisdiction exists that they "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a). This action does not fall within the exceptions to supplemental jurisdiction outlined in 28 U.S.C. § 1367(b) and (c).

15. The test developed by the Eleventh Circuit when determining whether a state law claim forms part of the same case or controversy as a federal claim asks whether the claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1566 (11th Cir.1994)). The claims in this case arise from the same decisions, involve the student-Plaintiff and putative class' enrollment at UF, will involve the same witnesses and evidence, deal with the same occurrences and are about the same actions or inactions in dispute.

16. Accordingly, the requirements to remove the state law claims are satisfied.

**WHEREFORE**, Defendant, **UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,** respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 20th day of August, 2021.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar No.: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for the University of Florida and University of Florida Board of Trustees*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 1,318 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 20th day of August, 2021, through the United States District Court, Northern District of Florida CM/ECF system which will send a notice of electronic filing to all counsel of record and by electronic and U.S. Mail to the following recipients:

Joshua H. Eggnatz
Michael J. Pascucci
EGGNATZ PASCUCCI
7450 Griffin Road, Suite 230
Davie, FL 33314
jeggnatz@justiceearned.com
mpascucci@justiceearned.com

*Local Counsel for Plaintiff and the Putative Class*

Thomas J. McKenna
Gregory M. Egleston
Robert J. Schupler
GAINEY McKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017
tjmckenna@gme-law.com
egleston@gme-law.com
reschupler@gme-law.com

*Trial Counsel for Plaintiff and the Putative Class*

                                                */s/ Robert J. Sniffen*
                                                **ROBERT J. SNIFFEN**